No. 19-70022

In the
# United States Court of Appeals
for the Fifth Circuit

RODNEY REED,

*Plaintiff-Appellant*,

v.

BRYAN GOERTZ,

*Defendant-Appellee*.

On Appeal from the United States District Court for the
Western District of Texas, No. 1:19-cv-794
Hon. Lee Yeakel, *United States District Judge*

**PLAINTIFF-APPELLANT RODNEY REED'S MOTION TO PERMIT
SUPPLEMENTAL BRIEFING ON THE MERITS
AND TO HOLD ORAL ARGUMENT**

Cliff C. Gardner
Michelle L. Davis
Nicole A. DiSalvo
Gregory P. Ranzini
Peyton V. Carper
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
920 N. King St.
Wilmington, DE 19801

Barry C. Scheck
Jane Pucher
THE INNOCENCE PROJECT
40 Worth St., Ste. 701
New York, NY 10013

Parker Rider-Longmaid
  *Counsel of Record*
Hanaa Khan
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
1440 New York Ave., NW
Washington, DC 20005
Telephone: 202-371-7000
parker.rider-longmaid@skadden.com

Andrew F. MacRae
MACRAE LAW FIRM PLLC
3267 Bee Cave Rd., Ste. 107, PMB 276
Austin, TX 78746

*Counsel for Plaintiff-Appellant Rodney Reed*

## PLAINTIFF-APPELLANT RODNEY REED'S MOTION TO PERMIT SUPPLEMENTAL BRIEFING ON THE MERITS AND TO HOLD ORAL ARGUMENT

Plaintiff-Appellant Rodney Reed respectfully asks the Court to permit the parties to file supplemental briefs addressing the merits of his 42 U.S.C. § 1983 suit, and to hold oral argument following that supplemental briefing. *See* Cir. R. 28.2.3, 28.4. Undersigned counsel has contacted counsel for Defendant-Appellee. Defendant-Appellee opposes this request. *See* Cir. R. 27.4. Several considerations support supplemental briefing and oral argument.

**1.** More than two years ago, this Court affirmed the district court's dismissal of Mr. Reed's § 1983 claims on the sole ground that they were untimely and without the benefit of oral argument. *Reed v. Goertz*, 995 F.3d 425, 430-31 (5th Cir. 2021). On April 19, 2023, the U.S. Supreme Court issued its opinion reversing this Court's judgment. *Reed v. Goertz*, 143 S. Ct. 955, 962 (2023) (also available on this Court's docket at ECF No. 69). The Supreme Court first agreed with this Court (995 F.3d at 429-30 & n.2) that the federal courts have jurisdiction over Mr. Reed's suit. *See Reed*, 143 S. Ct. at 960-61 (rejecting Goertz's standing, *Ex parte Young*, and *Rooker-Feldman* arguments). The Supreme Court then held that "Reed's § 1983 claim was timely" because it "was complete and the statute of limitations began to run when the state

litigation ended—when the Texas Court of Criminal Appeals denied Reed's motion for rehearing." *Id.* at 961-62.

The Supreme Court is expected to issue a certified copy of the opinion and judgment by May 22, 2023. *See* Sup. Ct. R. 45.3 ("The copy of the opinion or order and judgment will be sent 32 days after entry of the judgment, unless the Court or a Justice shortens or extends the time, or unless the parties stipulate that it be issued sooner."). With the jurisdictional and timeliness issues resolved, on remand this Court will need to confront the merits questions in the case. This Court has granted supplemental briefing and oral argument on remand from the Supreme Court in the past. *See, e.g.*, Order (June 7, 2022) (Elrod, J.), *Reagan National Advertising of Austin, Inc. v. City of Austin*, 64 F.4th 287 (5th Cir. 2023) (No. 19-50354). Mr. Reed respectfully submits that supplemental briefing and oral argument would help the Court resolve this appeal.

**2.** Since the parties briefed this appeal in March 2020—more than three years ago, *see* Reed Reply, ECF No. 43 (Mar. 16, 2020)—the Supreme Court proceedings have sharpened the parties' arguments and focused the case on the merits alone. In addition, further developments before the Texas

courts warrant this Court's consideration. The Court and parties alike would therefore benefit from supplemental briefing and oral argument.

  **a.** As Mr. Reed explained before the Supreme Court, his amended complaint identifies several due process problems with the Texas Court of Criminal Appeals' (CCA) construction of Article 64 of the Texas Code of Criminal Procedure. Those problems include (1) the atextual non-contamination requirement that renders previously-customary protocols for handling and storing evidence insufficient; (2) the exoneration inquiry, which the CCA construed to unfairly allow both consideration of discredited trial evidence and dismissal of exculpatory posttrial evidence inculpating someone else; and (3) the unreasonable delay element, which allows inferences of improper purpose based on assertions of innocence and imposes an unfair hindsight requirement by allowing later amendments to Texas law to support a finding that a prisoner should have known earlier that certain testing was available. *See* Br. for Petitioner 15-16, *Reed*, No. 21-442 (U.S.), *available on docket at* https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/21-442.html; *see also* Petition for a Writ of Certiorari 14-15, 22-23; Cert. Reply 4-6, 10-11; Br. for Petitioner 16-27, 29, 40-

42, 46, 48-49; Reply 2-3, 10-13, 16-18. Before the Supreme Court, Goertz likewise briefed his view of Reed's § 1983 challenge. Br. in Opp. 21-22, 28-30, 32-34; Br. of Respondent 9-21, 33-37, 42-44.

      **b.**    Amici also submitted briefs before the Supreme Court, and several amicus briefs focused on the merits of Reed's procedural due-process claim. *E.g.*, Br. of Eight Retired Judges; Br. of Constitutional Accountability Center; *see* Br. of State of Montana and 9 Other States 12-14. An amicus brief also provided helpful context for the merits inquiry by addressing Texas' DNA-testing capabilities, which are crucial for understanding and assessing the constitutionality of Article 64's atextual non-contamination requirement. *See* Br. of Chase Baumgartner (former Texas Department of Public Safety (TXDPS) DNA analyst arguing that the non-contamination requirement misunderstands TXDPS's DNA testing capabilities and is at odds with explicit TXDPS policies allowing for DNA testing of comingled evidence). Mr. Reed respectfully submits that those amicus briefs have helped crystallize the merits issues that this Court must now confront. Supplemental briefing would allow the parties to incorporate those insights for this Court's consideration.

      **c.**　　Supplemental briefing would also permit the parties to address relevant developments before the Texas courts in Mr. Reed's case. For example, testimony on Mr. Reed's ninth successive state habeas petition centered on the important contamination issues just discussed. Indeed, testimony from the state's own witnesses provides important context for assessing the fundamental fairness of the atextual non-contamination requirement under Article 64, as construed by the Texas Court of Criminal Appeals. For one thing, TXDPS DNA-testing laboratories now possess more sophisticated technology for interpreting and deconvoluting complex DNA mixtures. *See* Reporter's Record vol. 9, 34:21-35:8, *Ex parte Reed*, No. 8,701 (21st Dist. Ct. 2021). TXDPS regularly uses this technology to test ligatures in strangulation cases like this one, even when the items of evidence may have been handled by people other than the assailant. *See* Reporter's Record vol. 8, 383:8-15.

      **d.**　　Supplemental briefing would be particularly helpful because, with the jurisdictional and timeliness issues resolved, this appeal is now focused on the merits issues. Those important issues warrant careful assessment, and supplemental briefing focused on the merits and addressing the points above, unencumbered by discussion of resolved issues, could assist the Court in its analysis.

**3.** The importance of this case also warrants supplemental briefing. As Justice Sotomayor has observed, "there is no escaping the pall of uncertainty over Reed's conviction." *Reed v. Texas*, 140 S. Ct. 686, 690 (2020) (Sotomayor, J., respecting the denial of certiorari). Although "Reed has presented a substantial body of evidence" casting doubt on his conviction, *id.* at 689, Texas' procedures have long prevented him from DNA testing key crime-scene evidence, including the belt used to strangle the victim. As the Supreme Court observed, "Reed contends that the State's process for considering his DNA testing request was fundamentally unfair in violation of the Due Process Clause." *Reed*, 143 S. Ct at 961. "Among other things," Mr. Reed contends that Texas law's "stringent chain-of-custody requirement was unconstitutional and in effect foreclosed DNA testing for individuals convicted before 'rules governing the State's handling and storage of evidence were put in place.'" *Id.* at 960 (citation omitted). Especially given the importance the Supreme Court placed on this case, supplemental briefing and oral argument on the merits of Reed's § 1983 suit would not only aid this Court's review, but also promote fairness and justice in this important capital case where the "conviction remains so mired in doubt." *Reed*, 140 S. Ct. at 690 (Sotomayor, J., respecting the denial of certiorari).

For the foregoing reasons, Mr. Reed respectfully proposes that he submit a supplemental brief of up to 8,000 words within 40 days from the Supreme Court's issuance of a certified copy of its judgment, *see* Sup. Ct. R. 45.3; *supra* p. 2; that Goertz submit a supplemental brief of up to 8,000 words within 30 days of the filing of Mr. Reed's supplemental brief; and that Mr. Reed submit a supplemental reply brief of up to 4,000 words within 21 days of the filing of Goertz's supplemental brief. *Cf.* Fed. R. App. P. 31(a)(1). The case could then be set for oral argument in the ordinary course.

Dated: May 2, 2023

Respectfully submitted,

*/s/ Parker Rider-Longmaid*

| | |
|---|---|
| Cliff Gardner | Parker Rider-Longmaid |
| Michelle L. Davis | *Counsel of Record* |
| Nicole A. DiSalvo | Hanaa Khan |
| Gregory P. Ranzini | SKADDEN, ARPS, SLATE, |
| Peyton V. Carper |   MEAGHER & FLOM LLP |
| SKADDEN, ARPS, SLATE, | 1440 New York Ave., NW |
|   MEAGHER & FLOM LLP | Washington, DC 20005 |
| 920 N. King St. | Telephone: 202-371-7000 |
| Wilmington, DE 19801 | parker.rider-longmaid@skadden.com |
| | |
| Barry C. Scheck | Andrew F. MacRae |
| Jane Pucher | MACRAE LAW FIRM PLLC |
| THE INNOCENCE PROJECT | 3267 Bee Cave Rd., Ste. 107, PMB 276 |
| 40 Worth St., Ste. 701 | Austin, TX 7846 |
| New York, NY 10013 | |

*Counsel for Plaintiff-Appellant Rodney Reed*

- 7 -

## CERTIFICATE OF COMPLIANCE

I hereby certify that (1) this motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because, as calculated by Microsoft Word, it contains 1,313 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f), and (2) this motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in a 14-point Book Antiqua font.

Dated: May 2, 2023　　　　　　　　*/s/ Parker Rider-Longmaid*
　　　　　　　　　　　　　　　　　Parker Rider-Longmaid

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2023, I electronically filed the foregoing motion and declaration with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.


Dated: May 2, 2023    */s/ Parker Rider-Longmaid*
    Parker Rider-Longmaid