No. 19-70022

IN THE

# United States Court of Appeals for the Fifth Circuit

RODNEY REED,
*Plaintiff–Appellant,*

v.

BRYAN GOERTZ, Bastrop County District Attorney;
STEVE MCCRAW, Texas Department of Public Safety;
SARA LOUCKS, Bastrop County District Clerk;
MAURICE COOK, Bastrop County Sheriff,
*Defendants–Appellees.*

On Appeal from the United States District Court
for the Western District of Texas, Austin Division,
Cause No. 1:19-CV-0794-LY

## DEFENDANT–APPELLEE'S OPPOSITION TO MOTION TO PERMIT SUPPLEMENTAL BRIEFING AND ORAL ARGUMENT

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General
For Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

MATTHEW OTTOWAY
Assistant Attorney General
*Counsel of Record*

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-1400
matthew.ottoway@oag.texas.gov

*Counsel for Defendant–Appellee Goertz*

**DEFENDANT–APPELLEE'S OPPOSITION TO MOTION TO PERMIT SUPPLEMENTAL BRIEFING AND ORAL ARGUMENT**

Plaintiff–Appellant Rodney Reed, a Texas death row inmate challenging Texas's postconviction DNA testing statute via 42 U.S.C. § 1983, seeks permission to file a supplemental merits brief and asks the Court to hold oral argument. Mot. Permit Suppl. Br. 1–7. Those requests should be denied.

Reed first suggests that supplemental briefing is necessary because the Supreme Court's decision reversing the Court's limitations ruling has "focused the case on the merits alone." Mot. Permit Suppl. Br. 2, 5. That fact does not justify Reed's request for a new round of briefing, however, because the parties have already comprehensively briefed the merits of his claims: indeed, the bulk of the parties' existing briefing, not to mention the district court's judgment that Reed appeals from, focused on the merits. *See* Plaintiff–Appellant's Br. 1–42; Defendant–Appellee's Br. 1–42; Plaintiff–Appellant's Reply Br. 1–23. The Supreme Court's decision, by contrast, addressed only timeliness. *Reed v. Goertz*, 143 S. Ct. 955, 961 (2023) ("The sole question now before this Court is whether Reed's § 1983 suit was timely."). Using the Supreme Court's decision as a reason for supplemental *merits* briefing therefore rings hollow.

1

The only example that Reed offers in which this Court allowed supplemental briefing following remand from the Supreme Court, *Reagan National Advertising of Austin, Inc. v. City of Austin*, 64 F.4th 287 (5th Cir. 2023), is inapposite. There, the Supreme Court's decision set out what this Court described as "the correct framework" for addressing the plaintiff's First Amendment claim, and supplemental briefing was thus helpful—indeed, necessary—to this Court's assessment of the merits on remand. *See id.* at 292 ("[T]he new state of the law allows a party to address the current reality with appropriate arguments."). Here, by contrast, Reed does not identify any change in this Court's or the Supreme Court's jurisprudence on the merits of Chapter 64's constitutionality that would warrant additional briefing.

Reed instead suggests that amicus briefs might offer the Court some insight. Mot. Permit Suppl. Br. 4. But nothing prevented Reed from making these same arguments three years ago. And there's good reason not to consider the amicus brief Reed focuses on, which discusses the Department of Public Safety's purported DNA testing capacity. *Id.* That's because the amicus briefing discusses evidence and this Court "may not consider new evidence furnished for the first time on appeal and may not

consider facts which were not before the district court at the time of the challenged ruling." *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999). Granting supplemental briefing to discuss what this Court may not consider is make-work. The same is true for Reed's request to discuss factual developments in his pending state habeas case. Mot. Permit Suppl. Br. 5.

Moreover, Reed doesn't explain why he needs *evidence* to *facially* challenge Texas's postconviction DNA testing statute. *See Reed*, 143 S. Ct. at 961 ("Reed does 'not challenge the adverse' state-court decisions themselves, but rather 'targets as unconstitutional the Texas statute they authoritatively construed.'"); *Cromartie v. Shealy*, 941 F.3d 1244, 1257 (11th Cir. 2019) (holding that "attacking the state court's application of that state's DNA access procedure to the facts of his case is barred . . . by the *Rooker-Feldman* doctrine"). If the Supreme Court held him to a facial challenge, this Court must, so no further discussion of evidence or factual developments is necessary or permissible.

Finally, Reed argues that his case deserves supplemental briefing because it is "importan[t]." Mot. Permit Suppl. Br. 6. The opinion Reed relies upon to establish that importance, *Reed v. Texas*, 140 S. Ct. 686

(2020) (Sotomayor, J., respecting denial of certiorari), was cited in his reply, Plaintiff–Appellant's Reply Br. 2–3. Thus, the case is no more important today than it was three years ago, and if Reed had more to say then, he could've asked for an extra-length brief. He didn't, so he shouldn't be granted that ability now.

The only arguably relevant development over the past three years Reed uses to justify supplemental briefing is his win in the Supreme Court. Winning on a preliminary issue, even in the Supreme Court, does not entitle a litigant to extra briefing, especially when alternative merits briefing has already been provided. And obtaining new pro bono counsel doesn't warrant extra briefing either, no matter how successful they might be. The Court has all it needs to decide this case and Reed's request should be denied.

Nor should the Court grant oral argument to discuss matters that the Court can't consider. This case involves a limited record and involves only a facial challenge to a statute that has been addressed and upheld by the Court on numerous occasions. *See, e.g.*, *Pruett v. Choate*, 711 F. App'x 203, 206–07 (5th Cir. 2017) (unpublished); *Garcia v. Castillo*, 431 F. App'x 350, 353 (5th Cir. 2011) (unpublished). If the Court didn't grant

oral argument when it was addressing a matter of first impression, the timeliness of Reed's suit, it shouldn't do so to address a matter that's been repeatedly rejected by the Court.[1]

## CONCLUSION

For the above reasons, Defendant–Appellee Goertz requests that the Court deny Reed's request for supplemental briefing and oral argument.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General
For Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

---

[1]    If the Court grants supplemental briefing, the undersigned would respectfully request that Reed's proposal be slightly modified. Goertz instead suggests the following: Reed could file 60 days after the Supreme Court's judgment, Goertz could file 45 days later, and Reed could reply 21 days after that. Such would accommodate the undersigned's capital habeas briefing schedule in other cases and hopefully obviate a need for an extension later. Goertz also believes that 6,000 words would be appropriate for the supplemental merits briefs, and 3,000 words for a reply. Given that this briefing is effectively an extra-length request since there are no relevant developments, Reed does not need an extra 12,000 words, essentially a merits brief, to repackage his arguments.

s/ Matthew Ottoway
MATTHEW OTTOWAY
Assistant Attorney General
Texas Bar No. 24047707
    *Counsel of Record*

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-1600
matthew.ottoway@oag.texas.gov

*Attorneys for Defendant–Appellee Goertz*

## CERTIFICATE OF SERVICE

I do hereby certify that on May 12, 2023, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" (NEF) to the following attorney of record, who consented in writing to accept the NEF as service of this document by electronic means:

Andrew F. MacRae
MACRAE LAW FIRM PLLC
3267 Bee Cave Road
Suite 107, PMB 276
Austin, Texas 78746


Parker Rider-Longmaid
Hanaa Kahn
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM, LLP
1440 NEW YORK AVE., NW
WASHINGTON DC 20005

Cliff Gardner
Michelle L. Davis
Nicole A. DiSalvo
Gregory P. Ranzini
Peyton V. Carper
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM, LLP
920 N. King Street
Wilmington, Delaware 19801


s/ Matthew Ottoway
MATTHEW OTTOWAY
Assistant Attorney General

## CERTIFICATE OF COMPLIANCE

This brief complies with Rule 27(d)(2)(A) of the Federal Rules of Appellate Procedure. It contains 1000 words, Microsoft Word for Office 365, Century Schoolbook, 14 points.

s/ Matthew Ottoway
MATTHEW OTTOWAY
Assistant Attorney General

## ELECTRONIC CASE FILING CERTIFICATIONS

I do hereby certify that: (1) all required privacy redactions have been made; (2) this electronic submission is an exact copy of the paper document; and (3) this document has been scanned using the most recent version of a commercial virus scanning program and is free of viruses.

s/ Matthew Ottoway
MATTHEW OTTOWAY
Assistant Attorney General
